**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No:**

**JAMES JORDAN, on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**PTE SYSTEMS INTERNATIONAL LLC, a Florida Limited Liability Company**

**Defendant.**

______________________________________/

# COLLECTIVE ACTION COMPLAINT

Plaintiff James Jordan, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against PTE SYSTEMS INTERNATIONAL LLC ("Defendant" or "PTE ") for unpaid overtime compensation and hereby states as follows:

## INTRODUCTION

1. Plaintiff worked as an hourly paid laborer for Defendant in the State of Florida, installing, maintaining, and servicing post-tensioning system packages for Defendant.

2. Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated employees of Defendant, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

3. Defendant has a policy and practice of failing to pay hourly paid laborers like Plaintiff full and proper overtime compensation for all overtime hours worked.

4. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly-situated employees.

5. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid laborers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

8. Plaintiff is an adult resident of Florida and was employed by Defendant as an hourly paid laborer from approximately June 2012, until October 31, 2016, working for Defendant in Miami, Florida.

9. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

10. During the Relevant Liability Period, Defendant failed to pay Plaintiff for all hours worked and denied Plaintiff overtime compensation for hours worked in excess of forty per week.

11. Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as Exhibit A.

12. Defendant is a Florida Limited Liability Company with its principal place of business in Miami, Florida.

13. Defendant is a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Defendant employed Plaintiff and other hourly paid laborers.

14. During the Relevant Liability Period, Defendant has employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

15. During the Relevant Liability Period, Defendant has achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

16. Defendant holds itself out to the public as follows: "[Our] focus is to provide value engineering with the re- design of conventional concrete structural plans to include the value and strength of post-tensioning. We

offer a full range of services and products by applying our skills to large construction endeavors while remaining flexible enough to accommodate small and intermediate size projects. From parking garages and bridges to towering office buildings, vacation clubs, and hotel resort wonders we continually push the construction envelope. Having successfully completed countless square feet of post-tensioning construction structures we offer engineering expertise, state-of- the-art-equipment and unparalleled service to assure durable and cost-effective structures."

17. Defendant employs hundreds of individuals throughout the State of Florida.

18. Defendant's s hourly paid laborers are the backbone of the company bringing and maintaining Defendant's services to the public.

19. Defendant has employed Plaintiff and similarly situated employees as hourly paid laborers, or in equivalent positions with similar job duties, however titled, throughout Florida.

20. Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

21. Defendant has, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, by classifying their overtime hours as "reimbursements" or other monikers without full and complete payment of time and one half wages.

22. In sum, Plaintiff and the putative class routinely worked over forty hours in a work week, but were not paid overtime wages for all of that work, as required by the FLSA.

23. Defendant's policy of wrongfully titling/classifying Plaintiff, and the putative class' hours of overtime work is companywide.

24. Defendant has known that Plaintiff and all similarly employees perform work without compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff re-alleges and incorporates by reference the preceding paragraphs through 24.

26. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed as hourly paid laborers for Defendant for the past three years (plus any applicable tolling) from the date of this Complaint to the present.

27. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's policies and practices of failing to pay full and proper overtime compensation.

29. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

30. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 24 with respect to all hourly paid laborers.

31. During the FLSA Relevant Liability Period, Defendant failed to accurately record all hours worked by all hourly paid laborers, and did not fully compensate hourly paid laborers for all their hours worked for Defendant in excess of forty (40) per week as required by Section 207 of the FLSA.

32. Hourly paid laborers were victims of an illegal policy and plan by Defendant to deny them overtime compensation required by the FLSA.

33. Defendant's failure to pay hourly paid laborers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

34. Plaintiff, on behalf of himself and other hourly paid laborers, seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all hourly paid laborers, demands judgment against Defendant and prays this Court:

a. Issue notice to all hourly paid laborers who were employed by Defendant at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b. Declare Defendant's policy of failing to keep accurate time records and not paying hourly paid laborers overtime illegal under the FLSA;

c. Find that Defendant's violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

d. Award Plaintiff and all other hourly paid laborers unpaid overtime compensation;

e. Award hourly paid laborers an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

f. Award hourly paid laborers pre-judgment interest if liquidated damages are not awarded;

g. Award hourly paid laborers post-judgment interest as provided by law;

h. Award hourly paid laborers reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

i. Award hourly paid laborers such other relief as the Court deems fair and equitable

**JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 1st day of December 2016.

Richard Celler, Esq.
Florida Bar No.: 0173370
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Richard@floridaovertimelawyer.com